**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4384

KEITH ALAN COOTE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-180, CA-00-128)

Submitted: November 24, 2003

Decided: December 18, 2003

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Keith Alan Coote pleaded guilty to conspiracy to possess with intent to distribute and distributing heroin within 1000 feet of a playground, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 120 months' imprisonment and a ten-year term of supervised release. On appeal, Coote's sole argument is that the district court erred in imposing a supervised release term of ten years. We affirm.

Specifically, Coote claims that 21 U.S.C. § 841(b)(1)(B) (2000) mandates a term of supervised release of not more than eight years, and that his ten-year term of supervised release exceeds this asserted statutory maximum. Because Coote did not raise this claim below, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 733-37.

For a violation under 21 U.S.C. § 841(b)(1)(B), a defendant who has a prior conviction for a felony drug offense is subject to between ten years and life imprisonment as well as "a term of supervised release of at least 8 years in addition to such term of imprisonment." Coote argues that, because of this statutory language, he was subject to a maximum of eight years of supervised release under 21 U.S.C. § 841(b)(1)(B), and the court's imposition of a period beyond eight years was plain error.

We conclude *United States v. Pratt*, 239 F.3d 640 (4th Cir. 2001), is controlling and dictates that Coote's argument must fail. In *Pratt*, this court decided the same issue presented by Coote in the context of 21 U.S.C. § 841(b)(1)(C) (2000), which states that "[a]ny sentence imposing a term of imprisonment under this paragraph shall, in the absence of . . . a prior conviction, impose a term of supervised release of at least 3 years." 21 U.S.C. § 841(b)(1)(C). We concluded that

three years is only the minimum term of supervised release permitted by § 841(b)(1)(C) because to hold otherwise would render the statutory language "at least three years" superfluous. *Id.* at 647-48; *see also United States v. Osteen*, 254 F.3d 521, 527 (4th Cir. 2001) (holding that when term of supervised release is "at least six years," six years is statutory minimum, not maximum, and eight-year term of supervised release thus did not exceed statutory maximum term).

Accordingly, we find no error in the imposition of a supervised release term exceeding eight years. We therefore affirm the district court's judgment imposing a ten-year term of supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*